IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. ) |
| v. | ) COMPLAINT |
| VILLA ENTERPRISES MANAGEMENT, LTD, INC. d/b/a VILLA GALLERIA, | ) ) ) JURY TRIAL DEMAND |
| Defendant. | ) ) ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Edwonder Hobson who was adversely affected by such practices. The Commission alleges that Hobson was sexually harassed by her supervisor and was fired in retaliation for complaining about the harassment to Defendant.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Missouri.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Villa Enterprise Management LTD, Inc. d/b/a Villa Galleria ("Defendant") has continuously been doing business in the State of Missouri and the City of Richmond Heights, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Edwonder Hobson filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least on or about July 20, 2010, Defendant has engaged in the following unlawful employment practices at its Villa Galleria site in Richmond Heights, Missouri, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-3(a):

>   (a)   Hobson's supervisor, Brian Jones, cornered her by the cooler and, though she protested, he rubbed his groin up and down her buttocks. Hobson escaped and ran away from Jones. He then came after her and attempted to kiss her and put his hands up her shirt, during which time he also made explicitly sexual and offensive comments to her;
>
>   (b)   Jones sexually harassed Hobson by subjecting her to unwelcome touching and sexual statements on each occasion that they worked together;

 (c) When Hobson protested, Jones threatened her job;

 (d) On or about July 28, 2010, Hobson complained to supervisor John Stepp of the sexual harassment;

 (e) Stepp immediately told Jones to stop the harassment and relayed Hobson's complaint to Laura Kern, General Manager of the site;

 (f) Kern laughed and refused to take any action to stop the harassment;

 (g) Stepp relayed the details of Hobson's complaint to District Manager Addie Smith;

 (h) Smith took no action to stop the harassment;

 (i) Jones' harassment of Hobson continued during the period from Stepp's first complaint to Kern until Smith visited the store on or about August 25, 2010;

 (j) Smith terminated Jones' employment on or about August 25, 2010 because of the egregious harassment; and

 (k) Kern retaliated against Hobson because of her complaint of sexual harassment by falsely accusing her of and disciplining her for work rule infractions and by cutting her hours.

8. The effect of the practices complained of in paragraph 7 (including sub-parts (a) through (k)) above has been to deprive Ms. Hobson of equal employment opportunities and otherwise adversely affect her status as an employee because of the sexual harassment and retaliation she suffered.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Ms. Hobson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sexual harassment and retaliation.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Ms. Hobson, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D. Order Defendant to make whole Ms. Hobson, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above in amounts to be determined at trial.

E. Order Defendant to make whole Ms. Hobson by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Ms. Hobson punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

                David P. Lopez
                GENERAL COUNSEL

                James L. Lee
                DEPUTY GENERAL COUNSEL

                Gwendolyn Young Reams
                ASSOCIATE GENERAL COUNSEL

                Barbara A. Seely
                REGIONAL ATTORNEY


                 /s/ Melvin D. Kennedy
                Melvin Kennedy
                SENIOR TRIAL ATTORNEY

                EQUAL EMPLOYMENT OPPORTUNITY
                COMMISSION
                St. Louis District Office
                1222 Spruce Street, Room 8.100
                St. Louis, Missouri 63103
                (314) 539-7916 (telephone)
                (314) 539-7895 (facsimile)
                Melvin.kennedy@eeoc.gov